UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMBER JACKSON,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

DOVENMUEHLE MORTGAGE, INC.,

        Defendant.

Case No. 2:22-cv-01280-JPS

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The parties, through their undersigned counsel, respectfully move this Court for entry of an Order approving the parties' Settlement Agreement. In support thereof, the parties state and jointly stipulate as follows:

1. On October 28, 2022, Plaintiff Amber Jackson ("Jackson") filed the Complaint in this lawsuit against Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle"). Complaint [Dkt. No. 1]. In the Complaint, Jackson alleges, generally, that Dovenmuehle violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01, *et seq.*, Wis. Stat. § 104.01, *et seq.*, Wis. Stat. § 103.001, *et seq.*, Wis. Admin. Code § DWD 274.01, *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, by failing to pay Jackson for all work performed, including overtime. Compl. ¶¶ 1-3; 84-116. Dovenmuehle denies these allegations.

2. Also in the Complaint, Jackson seeks to proceed with both a collective action under the FLSA and a putative class under Fed. R. Civ. P. 23. Compl. ¶¶ 63-83. Jackson has not

1

filed a motion for conditional certification of the proposed collective or to certify the putative class. Nor has the Court entered any orders conditionally or otherwise certifying a collective or a class action.

3. On January 20, 2023, Dovenmuehle filed its Answer to the Complaint [Dkt. No. 16]. In the Answer, Dovenmuehle denies any liability to Jackson and to any members of the proposed collective or the putative class.

4. In March 2023, counsel for the parties engaged in good-faith, arms-length settlement negotiations and agreed to a proposed, confidential settlement of Jackson's individual claims against Dovenmuehle, subject to this Court's approval. The parties memorialized their proposed settlement in a Confidential Settlement Agreement and General Release.

5. A copy of the Confidential Settlement Agreement and General Release is attached as **Exhibit 1** to the present Motion and will be filed under seal in accordance with the terms and conditions of the Confidential Settlement Agreement and pursuant to the parties' separate Joint Motion to Seal, which is being submitted to the Court simultaneously with the filing of this Motion. Per that Motion to Seal, the parties request that they be allowed to redact the amount of the settlement payment to Jackson from the publicly filed version of the Settlement Agreement. Attached as **Exhibit 2** to the present Motion is a redacted copy of the Confidential Settlement Agreement, which has been redacted to reflect the portions of the document subject to the sealing request.

6. The parties submit this Joint Motion for Approval and respectfully ask the Court to approve the parties' Settlement Agreement. The Court should approve the Settlement Agreement because, as this Court has noted in other FLSA and WWPCL cases, it "reflects a reasonable compromise over contested issues." *Jimenez v. Illini Precase LLC*, No. 19-cv-1623-

2

Case 2:22-cv-01280-JPS    Filed 06/29/23    Page 2 of 4    Document 20

JPS, 2023 WL 1777528, at *3 (E.D. Wis. Feb. 6, 2023) (quoting *Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022)). In addition, the settlement is the "result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel" and the parties agree that "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. Nov. 1, 2010)). The Parties believe their settlement is a fair and reasonable resolution of Plaintiff's claims in light of the expense and risks of continued litigation necessary to resolve their disputes as set forth above.

7. The FLSA "speaks of allowing fees 'in addition to any judgment awarded,' treating the merits of an FLSA claim and the attorney fees as distinct." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citing 29 U.S.C. § 216(b)). Thus, "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Id*. "[A]ny authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Id*. "This reading of the statute is consistent with the rationale of the circuits that require approval for all FLSA settlements because such approval serves the FLSA's underlying purpose of protecting worker's rights." *Id*. (internal citation omitted).

8. Based upon the foregoing and because the parties' settlement does not invoke consideration under Federal Rule of Civil Procedure 23(h), Plaintiff has not separately filed a motion for approval of her attorneys' fees and costs nor is such a motion required by the terms of the Parties' Settlement Agreement, but if this Court requires such a motion, Plaintiff respectfully

requests additional time to file the same with the Court.

**WHEREFORE**, the parties respectfully request that the Court enter an Order approving the parties' Settlement Agreement.

Dated: June 29, 2023

Stipulated and agreed to by:

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | MAYER BROWN LLP<br>Counsel for Defendant |
| **s/ David M. Potteiger**<br>James A. Walcheske, SBN 1065635<br>Scott S. Luzi, SBN 1067405<br>David M. Potteiger, SBN 1067009 | **s/ Lucia Nale**<br>Lucia Nale, WIED Bar No. 6201684<br>Andrew S. Rosenman, WIED Bar No. 6230148<br>Christopher S. Comstock, WIED Bar No. 6299333<br>David S. Levine, WIED Bar No. 6324239 |
| WALCHESKE & LUZI, LLC<br>235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br><br>Telephone: (262) 780-1953<br><br><br>E-Mail: jwalcheske@walcheskeluzi.com<br>E-Mail: sluzi@walcheskeluzi.com<br>E-Mail: dpotteiger@walcheskeluzi.com | MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br><br>Telephone: (312) 782-0600<br><br>E-Mail: lnale@mayerbrown.com<br>E-Mail: ccomstock@mayerbrown.com<br>E-Mail: arosenman@mayerbrown.com<br>E-Mail: dlevine@mayerbrown.com<br><br>and<br><br>VON BRIESEN & ROPER, S.C.<br>Beth J. Kushner, SBN 1008591<br>von Briesen & Roper, s.c.<br>411 East Wisconsin Street<br>Suite 1000<br>Milwaukee, WI 53202<br>beth.kushner@vonbriesen.com<br>Telephone: (414) 287-1373 |