# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AMBER JACKSON,<br><br>      Plaintiff,<br><br>v.<br><br>DOVENMUEHLE MORTGAGE, INC.,<br><br>      Defendant. | Case No. 22-CV-1280-JPS<br><br><br>**ORDER** |

  On October 28, 2022, Plaintiff filed this putative collective and class action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 (the "FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01, Wis. Stat. § 104.01, Wis. Stat. § 103.001, Wis. Admin. Code § DWD 274.01, and Wis. Admin. Code § DWD 272.001. ECF No. 1.

  On June 29, 2023, the parties informed the Court that they have reached a settlement that will terminate the case with prejudice. ECF No. 20-2 at 4. The settlement resolves only Plaintiff's claims on an individual basis. *Id.* at 3. No class or collective was certified. *Id.* The parties nonetheless move for approval of the settlement, though such approval is not required, *see infra* p. 2, as a condition of the settlement. ECF No. 20-2 at 6; ECF No. 20. The parties further move for leave to file their Confidential Settlement Agreement and General Release (the "Settlement Agreement") in redacted form. ECF No. 19.

  For the reasons set forth below, the Court will deny without prejudice the motion for approval of the settlement and grant the motion to file the Settlement Agreement in redacted form. Given the parties'

notification of settlement, the action will be administratively closed pending the filing of a renewed motion for settlement approval, or the filing of a stipulation of dismissal with prejudice as described in Section 2 of the Settlement Agreement. ECF No. 20-2 at 4.

1. **ANALYSIS**

    1.1 **Joint Motion for Approval of Settlement**

    Because no class was certified, the settlement approval process prescribed by Federal Rule of Civil Procedure 23(e) does not apply. No collective was certified either, and the settlement resolves only Plaintiff's individual claims. "The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval." *Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022) (collecting cases). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016)). "Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. Nov. 1, 2010).

    In this case, the parties request the Court's approval of their settlement ostensibly because they have included such approval as a condition of the settlement in the Settlement Agreement. ECF No. 20-2 at 6. As the Court has held before, "[w]hile the Court is cognizant that the parties

themselves negotiated for a judicial-approval clause in their agreement . . . they have not persuasively argued that such a clause was justified under existing circuit case law." *Unifirst Corp. v. Rapshus*, 23-CV-97-JPS, ECF No. 11 (May 15, 2023). The Seventh Circuit has "never explicitly held that court approval of individual FLSA settlement agreements is required," and the Court "will not, in this case, self-impose or adopt such a requirement where the FLSA does not explicitly require it." *Id.* (citing *Hoaglan*, 2022 WL 2703854, at *2 and *Alcantara v. Duran Landscaping, Inc.*, No. 2:21-CV-03947-JDW, 2022 WL 2703610, at *2 (E.D. Pa. July 12, 2022) (noting that neither 29 U.S.C. § 216(b)–(c) "nor any other part of the FLSA requires a court to approve a settlement between an individual plaintiff and an employer").

The parties rely heavily on the Court's opinion in *Jimenez v. Illini Precast LLC* as supporting the Court's approval of their settlement. No. 19-CV-1623-JPS, 2023 WL 1777528 (E.D. Wis. Feb. 6, 2023). But there, the parties had not reached an agreement as to attorneys' fees, as the parties have here, and therefore, the Court was required to make a "prevailing party" determination. *Id.* at *1–2. Therefore, the Court will deny the motion without prejudice. As in *Unifirst*, "[t]he parties may, however, refile the motion for settlement approval at any time; **any renewed motion should address why, in the absence of a statutory command or requirement arising from binding case law, the Court's approval of the parties' agreement is necessary**." *Unifirst Corp. v. Rapshus*, 23-CV-97-JPS, ECF No. 11 (May 15, 2023) (emphasis added).

### 1.2 Joint Motion to File the Settlement Agreement in Redacted Form

The parties also move to file the Settlement Agreement in redacted form. ECF No. 19. The parties' proposed redactions are limited and tailored

to cover only the specific amounts of the settlement payments to Plaintiff and the amount of fees negotiated to be paid to Plaintiff's counsel. ECF No. 20-1. Further, the parties explain that the reason they seek the redactions is because "[a] condition of the Confidential Settlement Agreement is that the parties have agreed to not discuss, reveal, or otherwise disclose the terms and conditions of the Confidential Settlement Agreement, the payment or receipt of money, . . . or the negotiations." ECF No. 19 at 1–2. In other words, the confidentiality of the redacted terms was a material element of the settlement negotiation. *Id.* The parties additionally argue that good cause exists to file the Settlement Agreement in redacted form because it will "encourage parties to resolve disputes without taking cases all the way to and through summary judgment and/or trial" and that the Settlement Agreement would not be filed with the Court at all if the FLSA did not require court approval. *Id.* at 2–3. However, as the Court has already noted, the law is unsettled as to whether court approval is required as to a stipulated settlement of individual FLSA claims.

The Court finds at this juncture that these proffered bases support good cause for filing the Settlement Agreement with the minimal redactions applied by the parties. *See Jimenez*, 2023 WL 1777528, at *4 (granting motion to file settlement agreement with same redactions and based on same arguments); *see also Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("[B]ecause there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason."); *Swarthout v. Ryla Teleservices, Inc.*, No. 11-CV-21, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012) (finding good cause to seal where "assuring confidentiality of the settlement was a key and material term of

these parties' confidential Settlement Agreement," especially in FLSA cases where "[t]he parties do not have the option . . . to execute a private, confidential settlement agreement and then file a stipulation of dismissal").

While the *Swarthout* reasoning may not be an easy fit in light of *Goesel*, the parties do not proffer their confidentiality agreement as the sole reason to support good cause; they also explain that the confidentiality agreement was a material component of their negotiations and provide an additional argument that the redactions will "serve some social purpose." *Goesel*, 738 F.3d at 834–35. The Court is further persuaded in light of the fact that the necessity of court approval of the Settlement Agreement is unclear. *See Goesel*, 738 F.3d at 834 ("But for the most part settlement terms are of potential public interest only when judicial approval of the terms is required, or they become an issue in a subsequent lawsuit, or the settlement is sought to be enforced."); *cf. Shekar v. Accurate Background, Inc.*, 428 F. Supp. 3d 9, 19–20 (E.D. Wis. 2019) ("[T]he settlement agreement was not relevant to my decision on the motion for class certification, and I did not review it. Therefore, it may remain sealed for now."). This is not to say, however, that the Court would not be swayed down the road by a challenge to the redactions filed by an interested member of the public.

## 2. CONCLUSION

For the reasons set forth above, the Court denies the parties' joint motion for approval of the settlement without prejudice. ECF No. 20. The Court grants the parties' joint motion to file the Settlement Agreement in redacted form. ECF No. 19. The Court will administratively close this action upon the docketing of this Order pending either a renewed motion for approval of the settlement or the stipulation of dismissal with prejudice contemplated by the Settlement Agreement. ECF No. 20-2 at 4.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for approval of their settlement, ECF No. 20, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the parties' joint motion to file their settlement agreement in redacted form, ECF No. 19, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **ADMINISTRATIVELY CLOSED**; and

**IT IS FURTHER ORDERED** that the remaining dates in the Court's trial scheduling order, ECF No. 14, be and the same are hereby **VACATED**.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge